| | |
|---|---|
| HEYL TRUCK LINES, INC. and VAN WYK, INC., | Case No. Jury Trial Demanded |
| Plaintiffs, | |
| - vs - | **COMPLAINT** |
| HALDEX BRAKE PRODUCTS CORPORATION, | |
| Defendant. | |

## <u>COMPLAINT</u>

Plaintiffs, Heyl Truck Lines, Inc. ("Heyl") and Van Wyk, Inc. ("Van Wyk," and collectively with Heyl, the "Plaintiffs"), by and through counsel, submits this Complaint against Defendant Haldex Brake Products Corporation ("Haldex") and in support states as follows:

## <u>NATURE OF ACTION</u>

1.    Plaintiffs each individually purchased Kenworth T680 trucks manufactured by Kenworth Truck Company, an affiliate of PACCAR Inc. ("Kenworth"). Since 2016, Heyl and Van Wyk have each had two Kenworth T680 trucks catch fire while being driven at highway speeds. The fires are caused by a defect within the truck's brake chambers which are designed and manufactured by Haldex. The defects in the brake chambers existed at the time the parts left Haldex's custody and control and are not a result of negligent assembly by Kenworth. Plaintiffs have suffered substantial monetary losses as a direct result of the fires. Plaintiffs state claims against Haldex for breach of warranty, negligence and products liability, and seek compensation for their losses.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Heyl is corporation organized under the laws of the State of Iowa with its principal place of business in Akron, Iowa.

3.      Plaintiff Van Wyk is a corporation organized under the laws of the State of Iowa with its principal place of business in Sheldon, Iowa.

4.      Defendant Haldex is a corporation organized under the laws of Delaware with its headquarters located at 10930 N. Pamona Avenue, Kansas City, Missouri 64153. Haldex is registered as a foreign corporation to do business in the State of Iowa and conducts business within this Court's jurisdiction.

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because Haldex purposefully availed itself of this forum by doing business in the State of Iowa, and, as a result of such conduct, Haldex should reasonably anticipate being hailed to court in this forum, this action is between citizens of different states, and the amount in controversy exceeds $75,000.00.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

7.      Heyl is a freight transportation company which owns and operates approximately 400 Class 8 tractor-trailers to provide transportation services to customers located in the United States and Canada.

8.      Van Wyk is a freight transportation company which owns and operates approximately 210 Class 8 tractor-trailers to provide transportation services to customers located in the United States and Canada.

2

9. Plaintiffs each purchased T680 Kenworth trucks manufactured by Kenworth that had Haldex component brake chambers installed on the trucks at the time of purchase by Plaintiffs (the "Subject Trucks").

10. Heyl has experienced at least two separate instances of defective brake chambers causing Subject Trucks to catch fire. Specifically, on or about January 22, 2018, one of Heyl's trucks, a 2017 Kenworth T680, with mileage of 207,000, suffered a complete fire loss. Additionally, on or about May 1, 2018, another of Heyl's trucks, a 2016 Kenworth T680, with mileage of approximately 442,000, suffered a complete fire loss.

11. Van Wyk has experienced at least two separate instances of defective brake chambers causing Subject Trucks to catch fire. Specifically, on or about January 26, 2017, one of Van Wyk's trucks, a 2015 Kenworth T680, with mileage of approximately 350,000, suffered a complete fire loss. Additionally, on or about February 22, 2018, another of Van Wyk's trucks, a 2017 Kenworth T680, with mileage of approximately 209,504, suffered substantial fire damage but not a total loss.

12. Upon information and belief, the Heyl fires and Van Wyk fires started as a result of a defect in each of the Subject Truck's brake chambers.

13. At all times hereto, Plaintiffs have not used the Subject Trucks or component brake chambers in any unusual way. Their use of the Subject Trucks and component brake chambers is and always has been consistent with foreseeable standard industry practice and constitutes normal use and service.

14. To the best of Plaintiffs' information and belief, of the fires which were able to be investigated, the investigating parties have concluded the cause to be a defect within the brake chambers manufactured by Haldex. Based upon information and belief at the time of this

Complaint, the fires appear to stem from the metal spring breaking within the brake chamber and damaging the rubber diaphragm. Eventually the broken spring ruptures the diaphragm and causes an air leak, which in turn causes the other brakes on the tractor to drag, overheat, and ignite, which starts a wheel fire.

15. To the best of Plaintiff's information and belief at the time of this Complaint, Haldex's manufacturing process includes dipping the brake chamber springs into a chemical fluid to form a protective coating. It is believed that Haldex's process involved dipping two springs at the same time. However, the two springs would touch each other in the process, and therefore no coating would adhere to where the springs were touching. The result is that a part of the spring was not properly protected with the coating which allowed and/or accelerated corrosion of the spring. Plaintiffs reserve the right to conduct their own investigations to determine the cause(s) of the product failures and amend, modify or supplement the foregoing preliminary understanding of the cause of the failures.

16. The defective brake chambers resulted in physical damage and loss to Plaintiffs' Subject Trucks, the trailers being pulled, and the cargo inside.

17. Heyl has incurred, and continues to incur, significant expense relating to the damage to the Subject Trucks, trailers, and cargo. Expenses to date total at least $415,304.04.

18. Van Wyk has incurred, and continues to incur, significant expense relating to the damage to the Subject Trucks, trailers, and cargo. Expenses to date total at least $311,364.68.

## COUNT I: NEGLIGENCE

19. Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 18 of the Complaint, above, as if fully restated herein.

4

20.     Haldex owed a duty to Plaintiffs, as an intended user of its products, to design and manufacture brake chambers free from defect.  Haldex breached that duty by placing in the stream of commerce brake chambers that were ill-equipped to withstand every day, ordinary use. As a result of the breach, Plaintiffs suffered significant monetary losses.

21.     Haldex had a duty to use reasonable care to assure that its brake chambers were safe, free from material defects, and would not fail.

22.     Haldex was aware of the conditions to which the brake chambers would be exposed during use.

23.     Haldex knew, or should have known, that the brake chambers it manufactured were defective.

## COUNT II: STRICT PRODUCTS LIABILITY

24.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 23 of the Complaint, above, as if fully restated herein.

25.     Haldex was the manufacturer of the brake chambers contained in the Subject Trucks.

26.     Haldex placed the brake chambers contained in the Subject Trucks in the stream of commerce in a defective condition.

27.     Since Plaintiffs purchased the Subject Trucks, they have used them solely and strictly for their intended use.

28.     At the time of the fires, the condition of the subject brake chambers contained in the Subject Trucks had not been materially altered or changed since they left the custody and control of Haldex.

29.     The brake chambers contained in the Subject Trucks were defective.

5

30.     The aforementioned brake chambers were defective in design, production, and/or manufacture, in that they failed to conform to the representations and/or warranties that came with, or should have come with, said product, including, but not limited to express warranties, implied warranties of merchantability, and/or implied warranty of fitness for a particular purpose.

31.     The fires were a direct and proximate result of the defective condition of the aforementioned brake chambers contained in the Subject Trucks.

32.     As a result of inherent defects in the brake chambers, the brake chambers themselves are unreasonably dangerous and defective, even if used solely and strictly for their intended use.

33.     As a result of the inherent defects in the brake chambers, Heyl has suffered losses of at least $415,304.04 and Van Wyk has suffered losses of at least $311,364.68.

34.     Because it sold, distributed, and/or manufactured an inherently defective and unreasonably defective product, Haldex is strictly liable to Plaintiffs for all damages caused by the defective brake chambers, regardless of whether Haldex knew, or should have known, that the brake chambers they sold, distributed, and/or manufactured were defective.

## COUNT III: BREACH OF EXPRESS AND/OR IMPLIED WARRANTY

35.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 34 of the Complaint, above, as if fully restated herein.

36.     Upon information and belief, Haldex expressly and/or impliedly warranted that the brake chambers they manufactured and sold would be free of defect, merchantable and also fit for the ordinary purposes for which brake chambers are used.

37.     The Haldex brake chambers in the Kenworth trucks that are prone to catching fire are not fit for the ordinary purposes for which brake chambers are used.

38.     Plaintiffs have used Haldex's brake chambers for their ordinary purposes.

39.     The component Haldex brake chambers are not merchantable.

40.     Plaintiffs provided Haldex with notice of their claims prior to filing this lawsuit.

41.     As a result of Haldex's breach of any and all express and implied warranties, Heyl has suffered damages of at least $415,304.04.

42.     As a result of Haldex's breach of any and all express and implied warranties, Van Wyk has suffered damages of at least $311,364.68.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1.      That judgment be entered against the Defendant in excess of $415,304.04 in damages for Plaintiff Heyl's collective claims, plus reasonable attorneys' fees, pre-judgment and post- judgment interest;

2.      That judgment be entered against the Defendant in excess of $311,364.68 in damages for Plaintiff Van Wyk's collective claims, plus reasonable attorneys' fees, pre-judgment and post- judgment interest;

3.      That the costs of this action be taxed against Defendant; and such other general and equitable relief as the Court deems necessary and appropriate.

7

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims.

Dated this 21st day of December, 2018.

HAGEN, WILKA & ARCHER, LLP

/s/ David L. Edwards
David L. Edwards, Lead Counsel
Sara E. Schroeder
600 S. Main Avenue, Suite 102
P.O. Box 964
Sioux Falls, SD  57101-0964
Telephone:  (605) 334-0005
Facsimile:  (605) 334-4814
E-Mail:  david@hwalaw.com
            sara@hwalaw.com

MAYNE, HINDMAN, DAANE & PARRY

By:      /s/James N. Daane
James N. Daane, P.C.
John D. Mayne
701 Pierce Street, Suite 300
P.O. Box 1678
Sioux City, IA 51102-1678
Telephone: (712) 252-2424
Facsimile: (712) 255-8049
E-mail: jdaane@maynelaw.com
          jmayne@maynelaw.com
ATTORNEYS FOR PLAINTIFFS

8